FILED
CLERK

2012 MAR -8 PM 4: 19

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL CIVINS,

Plaintiff(s),

-against-

CITY OF NEW YORK; Police Officer LASEAN
WIGGINS, Shield No. 11415; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendant(s).

CV 12 - 1165

**COMPLAINT**

Jury Trial Demanded

GLEESON, J

BLOOM, M.

## NATURE OF THE ACTION

1.    This is an action to recover money damages for severe personal injuries and
unlawful arrest and detention arising out of the violation of Plaintiff's rights under the
Constitution of the United States and violations of state law pursuant to the Court's supplemental
jurisdiction.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and
Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and
1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims
pursuant to 28 U.S.C. §1367.

2054920

## JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

## PARTIES

7.      Plaintiff Michael Civins is a resident of New York County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      At all times relevant herein, defendant Lasean Wiggins ("P.O. Wiggins"), shield number 11415, was a duly-sworn police officer employed by the NYPD acting under the supervision of said department and according to his official duties.

10.     At all times relevant herein, P.O. Wiggins was acting as an agent, servant and employee of defendant City of New York and the NYPD.  Defendant Wiggins is sued in his individual and official capacity.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD acting under the supervision of said department and according to their official duties.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

2

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## FACTUAL BACKGROUND

14.     On or about March 9, 2011 at 12:10 a.m. in the vicinity of North 5th Street and Berry Street, County of Kings, State of New York, Plaintiff was lawfully walking upon the public sidewalk.

15.     At the above-mentioned time and place, P.O. Wiggins and/or other police officers dressed in plain clothes with no badges or other indicia of their identities displayed, and without announcing that they were police officers, pulled alongside of Plaintiff in an unmarked car, bolted out of the car and ran toward Plaintiff.

16.     Plaintiff, in fear of being robbed or otherwise assaulted by persons not reasonably known at the time to be police officers, began to run.

17.     P.O. Wiggins and/or other officers pursued Plaintiff, caught up with him, threw him to the ground and proceeded to physically batter and verbally abuse Plaintiff.

18.     After Plaintiff was handcuffed face down on the ground, unable to run or pose any physical threat to others, defendant P.O. Wiggins kicked and/or punched Plaintiff in the face, fracturing Plaintiff's left eye socket and causing a retinal hemorrhage.  P.O. Wiggins and/or other NYPD police officers additionally assaulted and battered the Plaintiff causing other bodily injuries.

19.     Plaintiff was thereupon arrested without a warrant and charged by the NYPD with Criminal Sale of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Criminal Possession of a Controlled Substance in the 7th Degree, and Resisting Arrest.

2054920

20.     At the aforementioned time and place, the defendants had no judicial warrant to arrest, detain or search the Plaintiff, and had no reasonable suspicion to believe that Plaintiff was in possession of marijuana or a controlled substance, or that Plaintiff had sold or intended to sell marijuana, or that Plaintiff had committed or was about to commit any crime or offense.

21.     In fact, as described below, no marijuana or illegal controlled substances were found by the NYPD, and the Kings County District Attorney refused to charge the Plaintiff with the crimes of Criminal Sale of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, or Criminal Possession of a Controlled Substance in the 7th Degree.

22.     As a result of the above-described beating and physical injuries inflicted upon the Plaintiff by P.O. Wiggins and/or other NYPD officers, Plaintiff required immediate hospitalization and emergency surgery.

23.     During the course of approximately 72 hours following the above-referenced arrest, Plaintiff was held continuously in lockup or in leg shackles and handcuffs both at the police precinct station house and in the hospital, verbally humiliated by police officers guarding him, and prevented from calling family members or his lawyer.

24.     Police officers guarding Plaintiff in the hospital refused to allow him to speak privately with a lawyer.

25.     One female officer (believed to be "P.O. Chin") refused to allow Plaintiff to use the bathroom, instead forcing him to urinate into a container in front of her while keeping him shackled. The same officer, while guarding Plaintiff in the hospital, refused to accede to Plaintiff's requests to dim the room lights and lower the volume on her personal mobile phone, on which she was watching episodes of a television show, thereby knowingly and deliberately preventing Plaintiff from obtaining much-needed sleep.

4

26.  Plaintiff's emergency surgery was delayed by police officers who insisted on keeping Plaintiff handcuffed and shackled during surgery, and who insisted on being present in the operating room, despite doctors' orders to the contrary.

27.  After a substantial delay caused by the NYPD's insistence on keeping Plaintiff shackled during surgery and on their insistence on being present in the operating room against doctors' orders, Plaintiff was eventually unshackled and permitted to undergo surgery only after a police officer extracted a "promise" from Plaintiff that he would not try to escape.

28.  Upon discharge from the hospital into the continued custody of the NYPD, the police refused to allow Plaintiff to obtain the antibiotics and pain medication prescribed to him by the hospital.

29.  During Plaintiff's incarceration, the NYPD "lost" several items of personal property belonging to Plaintiff, including a bloody scarf, a hat, a belt and Plaintiff's driver's license.

30.  At his criminal court arraignment, Plaintiff was advised that the District Attorney had decided to drop the marijuana and controlled substance charges, leaving the single offense of "resisting arrest."

31.  The criminal court judge presiding over Plaintiff's arraignment, with the District Attorney's recommendation, adjourned the case in contemplation of dismissal and released the Plaintiff on his own recognizance on March 11, 2012.

32.  Following the defendants' assault and battery of the Plaintiff as described above, the false, unjustified arrest and unlawful imprisonment of Plaintiff, as well as the defendants' intentional and negligent infliction of emotional distress upon the Plaintiff, continued over a period of approximately 72 hours in the 94th Precinct stationhouse, at Woodhull Hospital, in

5

Central Booking, and in the Kings County Criminal Courthouse until Plaintiff's release from custody on March 11, 2011 just before midnight.

33.    Approximately six months after his arraignment, Plaintiff's criminal case was dismissed in its entirety by the court.

34.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendant City of New York at the Comptroller's office at 1 Centre Street, New York, New York.

35.    On June 14, 2011, the defendant City of New York conducted an examination under oath of the Plaintiff pursuant to General Municipal Law § 50-h.

36.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

37.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

38.    In addition to the deprivation of Plaintiff's civil and Constitutional rights, Plaintiff has suffered severe bodily injuries requiring hospital and medical care, including surgical procedures to repair fractured facial bones and severe eye damage, continues to experience "floaters" in his field of vision, has undergone a permanent change in his facial appearance caused by the fractured bones and artificial implants to repair the same, has suffered and continues to suffer severe emotional distress, mental anguish, fear, pain, embarrassment and humiliation, has incurred expenses for medical treatment and related costs, and has lost time from work, all as a result of the unlawful actions of the defendants described hereinabove.

6

## FIRST COUNT
## 42 U.S.C. § 1983

39.     Plaintiff repeats each and every allegation set forth above as if fully set forth herein.

40.     Defendants had no reasonable suspicion or Constitutional justification to aggressively confront, chase, assault, batter and arrest the Plaintiff.

41.     At the time of defendants' confrontation with, and their chase, assault, battery and false arrest of the Plaintiff, the defendants had no evidence whatsoever to charge him with the violation of any criminal laws.

42.     The defendants' decision to falsely arrest and charge the Plaintiff with Criminal Sale of Marijuana in the 4th Degree, Criminal Possession of Marijuana in the 5th Degree, Criminal Possession of a Controlled Substance in the 7th Degree, and Resisting Arrest was a fabrication and pretext to justify, after the fact, their vicious assault and battery upon the Plaintiff.

43.     The defendants' conduct toward Plaintiff alleged herein violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

44.     As a direct and proximate result of this unlawful conduct, the defendants are liable to the Plaintiff for the damages hereinabove alleged.

## SECOND COUNT
## Excessive Force

45.     Plaintiff repeats each and every allegation set forth above as if fully set forth herein.

46.     The above-described conduct of the defendants constitutes the use of

7

2054920

unreasonable and excessive force.

47.    As a result of the foregoing, the defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution.

48.    As a direct and proximate result of this unlawful conduct, the defendants are liable to the Plaintiff for the damages hereinabove alleged.

## THIRD COUNT
### State Law Assault and Battery

49.    Plaintiff repeats each and every allegation set forth above as if fully set forth herein.

50.    The above-described conduct of the defendants constitutes assault and battery upon the Plaintiff during the scope of their employment by the NYPD and the City of New York.

51.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52.    As a direct and proximate result of this unlawful conduct, the defendants are liable to the Plaintiff for the damages hereinabove alleged.

## FOURTH COUNT
### Failure to Intervene

53.    Plaintiff repeats each and every allegation set forth above as if fully set forth herein.

54.    Those defendants who were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, but failed to intervene.

55.    As a result of the foregoing, the defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution.

8

2054920

56.     As a direct and proximate result of this unlawful conduct, the defendants are liable to the Plaintiff for the damages hereinabove alleged.

## FIFTH COUNT
### *Monell Claim*

57.     Plaintiff repeats each and every allegation set forth above as if fully set forth herein.

58.     This is not an isolated incident. The City of New York ("City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

59.     The City of New York, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution, and is indifferent to the consequences.

60.     The City, through its police department, has an inadequate mechanism for the detection, monitoring, investigation, prosecution, punishment and reduction of excessive force incidents by its employees.

61.     In addition, upon information and belief, the City of New York, through the NYPD, has implemented a policy of actively encouraging its police officers, especially those assigned to plainclothes anti-crime and drug enforcement units, to aggressively monitor certain areas of the City, including the area in which Plaintiff was arrested, for "suspicious" activities and to aggressively confront, detain and search civilians in those areas.

62.     Upon information and belief, the above-referenced policies of the NYPD encouraged, motivated, caused or contributed to the unlawful actions taken by defendant P.O. Wiggins and the other individual defendants against the Plaintiff as described above.

63.     In fact, defendant P.O. Wiggins and the City of New York have been defendants

9

in at least one other lawsuit in this Court (*Hickock v. City of New York, P.O. LaSean Wiggins, et al.*, Docket No. 11cv1790) arising out of an incident similar to the one at bar that is alleged to have occurred on November 18, 2010, nearly four months before the incident involving the Plaintiff herein.

64.    In addition, federal judges have recognized the unfortunate custom and practice of widespread falsification by NYPD officers that is tolerated by the City.  According to the United States District Court Judge Jack. B. Weinstein:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York*, 09 Civ. 08, 09 Civ. 09 (JBW) (E.D.N.Y. Nov. 25, 2009).

65.    Defendant City of New York, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

66.    Defendant City of New York, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

67.    As a direct and proximate result of these policies, practices and customs, the City of New York is liable to Plaintiff pursuant to *Monell v. Dept. of Soc. Svces. of the City of New York*, 436 U.S. 658 (1978).

2054920

## SIXTH COUNT
### Negligent Hiring/Training/Retention of Employment Services

68.    Plaintiff repeats each and every allegation set forth above as if fully set forth herein.

69.    Defendant City of New York, through the NYPD, owed a duty of care to Plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Plaintiff or to those in a like situation would probably result from the foregoing conduct.

70.    Upon information and belief, P.O. Wiggins and the other police officers involved in Plaintiff's assault, arrest and detention were unfit and incompetent for their positions.

71.    Upon information and belief, defendant City of New York knew or should have known, through the exercise of reasonable diligence, that the individual defendants posed a threat to the citizenry.

72.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused the Plaintiff's injuries.

73.    As a direct and proximate result of this unlawful conduct, the defendant City of New York is liable to the Plaintiff for the damages hereinabove alleged.

11

2054920

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** plaintiff respectfully requests the entry of judgment against defendants

as follows:

(a)    Compensatory damages against all defendants, jointly and severally;

(b)    Punitive damages against the individual defendants, jointly and severally;

(c)    Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)    Such other and further relief as this Court deems just and proper.


DATED: March 8, 2012
       New York, New York

                                        PORZIO, BROMBERG & NEWMAN, P.C.


                                        _____
                                        Allan I. Young
                                        156 W. 56th Street, Suite 803
                                        New York, NY 10019
                                        (212)265-6888
                                        aiyoung@pbnlaw.com
                                        *Attorneys for Plaintiff*

2054920